ERVIN, J.,
concurring and dissenting.
I concur with all aspects of the majority’s opinion except that which affirms the trial court’s failure to inform B.M., a person identified as having a mental illness, of available advocacy services as required by section 39.502(15), Florida Statutes (2000). As to it, I would reverse the dependency *938 adjudication and remand the case for further proceedings.
Section 39.502(15) provides:
A party who is identified as a person with mental illness or with a developmental disability must be informed by the court of the availability of advocacy services through the department, the Association for Retarded Citizens, or other appropriate mental health or developmental disability advocacy groups and encouraged to seek such services.
The record is clear that B.M. was not advised of her advocacy rights, despite the fact that the Department of Children and Families, appellee, had alleged in its dependency petition that B.M. “suffers from depression.” Appellee, however, replies that B.M., as the children’s legal guardian, is not a “party,” which is defined in section 39.01(51), Florida Statutes (2000), as “the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program ... and the child.” The Department points out that a legal custodian, such as B.M., is included in the definition of “participant” under section 39.01(50), and is thereby specifically excluded from party status. Thus, from an examination of only subsections (50) and (51), section 39.502(15) does not appear to obligate a trial court to inform a legal custodian defending a dependency petition of available advocacy services. I would decline, however, the Department’s invitation to read chapter 39 so narrowly.
I note that other provisions of the chapter, notably subsections 39.01(33) and 39.01(49), which define “legal custody” and “parent,” respectively, make the following identical statement:
For purposes of this chapter only, when the phrase “parent or legal custodian” is used, it refers to rights or responsibilities of the parent and, only if there is no living parent with intact parental rights, to the rights or responsibilities of the legal custodian who has assumed the role of parent.
Accordingly, the above statutes clearly imply that a legal custodian stands in the shoes of the parent if no parent is involved.
My conclusion in this regard is reinforced by numerous references in the statutes to the terms “parent or legal custodian” in the specific context of dependency proceedings. See § 39.401(1)(b)(2) & (3), Fla. Stat. (2000). Additionally, section 39.01(14), Florida Statutes (2000), defines a “child who has been found to be dependent” as one who has been abandoned, abused or neglected by its “parent or parents or legal guardian.” In my judgment, it is apparent from my review of the pertinent statutes and the Florida Rules of Juvenile Procedure[1] that the full panoply of rights available to a parent under section 39.502, relating to notice, process and service in dependency proceedings, must similarly be accorded a legal custodian who stands in the shoes of a parent.
In this case there is no living parent having intact parental rights, because the mother, although alive, surrendered legal custody to B.M. in 1991, and does not have contact with the children.[2] I therefore conclude that section 39.502(15), when read in pari materia with sections 39.01 and 39.401, should be construed as requiring the trial court to have informed B.M., as legal custodian, of the advocacy services available to her, based upon the allegation *939 in the petition that she suffered from depression. By not being afforded her procedural due process right to such benefit, appellant was deprived of the same fundamental liberty interest as that of a parent to the care and custody of his or her child. See Padgett v. Dep’t of Health & Rehab. Servs., 577 So.2d 565, 571 (Fla.1991) (noting that parental rights constitute a fundamental liberty interest).

. See, e.g., Fla. R. Juv. P. 8.245(b)(1) (granting discovery rights to legal custodians when the child has no living parent with intact parental rights).

. The children’s biological father is deceased.